Hart, J.
The question here presented is whether a three-judge trial court has jurisdiction, upon a plea of guilty by an accused charged with unlawfully and purposely killing another while in the perpetration of a robbery,-to determine the degree of the offense and to sentence the accused, even though no written waiver of trial by jury is filed as is provided for by Section 13442-4, General Code.
That section is as follows:
“In all criminal cases pending in courts of record in this state, the defendant shall have the right to waive a trial by jury, and may, if he so elect, be tried by the court without a jury. Such waiver and election by a defendant, shall be in writing, signed by the defendant and filed in said cause and made a part of the record thereof. * * *’1
The pertinent procedure to be followed in the trial of criminal cases is supplied by Sections 13442-5 and 13448-2, General Code.
Section 13442-5, General Code, provides as follows:
‘ ‘ In any case where a defendant waives his right to *389 trial by jury and elects to be tried by the judge of such court as provided in the next preceding section, any judge of the court in which such cause is pending shall have jurisdiction to, and shall proceed to hear, try and determine such cause in accordance with the rules, and in like manner as if such cause were being tried before a jury; provided, however, that if the accused is charged with an offense punishable with death, he shall be tried by a court to be composed of three judges consisting of the judge presiding at the time in the trial of criminal cases and two other judges to be designated by the presiding judge or chief justice of said court if there be such officer, and in case there is neither presiding judge nor chief justice, by the Chief Justice of the Supreme Court of Ohio. Such judges or a majority of them shall have power to decide all questions of fact and law arising upon the trial, and render judgment accordingly; and provided further, that if the accused plead guilty of murder in the first degree, a court composed of three judges as herein provided shall examine the witnesses, determine the degree of crime and pronounce sentence accordingly. In rendering judgment of conviction of an offense punishable by death upon plea of guilty or after trial by the court without the intervention of a jury the court may extend mercy and reduce the punishment for such offense to life imprisonment in like manner as upon recommendation of mercy by a jury. * * *”
Section 13448-2, General Code, provides in part:
“If the offense charged is murder and the accused is convicted by confession in open court, the court shall examine the witnesses, determine the degree of the crime and pronounce sentence accordingly.”
Section 13442-5, General Code, carries an express proviso that, “if the accused plead guilty of murder in *390 the first degree, a court composed of three judges as herein provided shall examine the witnesses, determine the degree of crime and pronounce sentence accordingly.” (Italics supplied.)
The statute further distinguishes cases where there is and where there is not a plea of guilty, when it provides that “in rendering judgment of conviction of an offense punishable by death upon plea of guilty or after trial by the court without the intervention of a jury [as where there has been a written waiver] the coiirt may extend mercy and reduce the punishment for such offense to life imprisonment.” (Italics supplied.)
Then again, in Section 13448-2, General Code, it is specifically provided that, “if the offense charged is murder and the accused is convicted by confession in open court, the court shall examine the witnesses, determine the degree of the crime and pronounce sentence accordingly.” (Italics supplied.)
It must be conceded that the provisions of these criminal procedure statutes are mandatory, but they must be interpreted in the light of their clear and express terms.
In the opinion in the case of State v. Ferranto, 112 Ohio St., 667, 684, 148 N. E., 362, the following language is used:
“It has been settled in this state that, upon a plea of guilty under an indictment for murder in the first degree, a judge may hear evidence and determine, without the intervention of a juyy, the degree of the crime * * .
Likewise, in the case of State v. Frohner, 150 Ohio St., 53, 80 N. E. (2d), 868, this court held:
“Upon a plea of guilty to an indictment for murder in the first degree, a three-judge court, pursuant to *391 Section 13442-5, General Code, shall, without the intervention of a jury, determine upon evidence the degree of the crime, and, in the event the degree be found to be murder in the first degree, has power to withhold or extend mercy.”
That decision appears to be in line with similar holdings in other jurisdictions. In 24 Corpus Juris Secundum, 23, Section 1563, appears the following:
“In the absence of a statute to the contrary, where accused enters a plea of guilty or of nolo contendere the court has the power and duty to pronounce judgment or sentence as though a verdict of guilty had been found against him, and with the same effect. A judgment so rendered is not violative of accused’s constitutional right of trial by jury.”
Accordingly, the question presented in this appeal, as hereinbefore set forth, must be answered in the affirmative, and, therefore, the judgment of the Court of Appeals is affirmed.

Judgment affirmed.

Weygandt, C. J., Zimmerman, Stewart, Middleton, Taet and Matthias, JJ., concur.